LIBBIE L. SMITH AND THE SECOND NATIONAL BANK OF
IONIA v. ADDIE B. LEE ET AL.

*Fraudulent conveyances—Bona fide indebtedness.*

This case involves the question of the validity of a deed as to
creditors, and the decree below, declaring that it .stand as
security for the amount found due the grantee, is affirmed.
Questions of fact are alone involved.

Appeal from Ionia. (Smith, J.) Argued January 24,
1890. Decided February 20, 1890.

Bill in aid of execution. Appeal from decree declaring
deed security for sum due the grantee. Decree affirmed.
The facts are stated in the opinion.

*William O. Webster,* for complainants.

*Vosper Bros.,* for defendant Addie B. Lee.

LONG, J. On September 3, 1886, defendant Amasa F.
Lee and his wife conveyed the N. $\frac{1}{2}$ and the S. E. $\frac{1}{4}$ of
S. W. $\frac{1}{4}$ of section 23, township 7 N., of range 8 W.,
Ionia county, to the defendant Addie B. Lee, for the
consideration expressed in the deed of conveyance of $6,-
220.

The bill is filed in this cause to set aside said deed,
and subject the lands to sale under executions issued
upon judgments rendered in the Ionia circuit court in
favor of complainants, and against said Amasa F. Lee
and defendant Jerome Brown, who were formerly part-
ners in a banking and other business at Saranac, in said
county. The bill charges that the deed was given with-
out consideration, and for the purpose of covering up

the property of Amasa F. Lee, and to hinder, delay, and defraud creditors of Lee & Brown.

The bill was taken as confessed by all the defendants except Addie B. Lee, who answered, admitting the conveyance by Amasa F. Lee and wife to her of the lands in question, but claiming to be a *bona fide* purchaser of the same for value. The other parties were made defendants by reason of other subsequent execution levies.

On the hearing in the court below, it was decreed that at the time of the execution of the deed, September 3, 1886, defendants Lee & Brown were indebted to Addie B. Lee in the sum of $4,469; that the deed stand as security on the land therein described for the payment of said sum, and interest thereon, at the rate of 7 per cent., and have priority of lien over complainants' execution levies; and that neither party recover costs.

From this decree complainants appeal.

The testimony was taken in open court. It appears that the indebtedness upon which these judgments were rendered against Lee & Brown arose some time in May and July, 1886; and on September 21, 1886, attachment suits were commenced by the complainants, and the lands in controversy, and other lands, were levied on. The executions upon judgments rendered in these attachment proceedings were subsequently levied upon the same lands, and the bill is filed in aid of these executions.

The defendant Addie B. Lee is the wife of one Fred C. Lee, the son of defendant Amasa B. Lee. Her claim is, and the testimony, which was taken in open court, shows, that, at the time of her marriage with Fred C. Lee, her father gave her 40 acres of land, which she subsequently sold for $900, and placed $500 of this fund in the bank of Lee Bros., of Saranac, whom Lee & Brown succeeded in the banking business there, and that she deposited the balance from time to time, as it was paid

in; that upon this sum she was drawing 10 per cent. interest from Lee & Brown, so that on the day of the purchase of the lands she held the certificate of deposit of that banking firm for $1,400, dated August 20, 1883, which she turned over to Amasa F. Lee; that she received from her husband, Fred C. Lee, on the day of the purchase, five certificates of deposit issued by the banking firm of Lee & Brown to Fred C. Lee, as follows:

| | | | |
|---|---|---|---|
| Aug. 20, 1883. | Certificate for | | $1,200 |
| Dec. 5, 1884. | Certificate for | | 600 |
| Apr. 8, 1884. | Certificate for | | 500 |
| June 2, 1884. | Certificate for | | 1,520 |
| June 2, 1884. | Certificate for | | 1,000 |
| | Total | | $4,820 |

—which, with the amount of the certificate of $1,400 held by her, made up the purchase in full of $6,220.

There is no controversy in the case but that Addie B. Lee made the deposits claimed by her, and that the certificate was issued by Mr. Shaw, the teller of the bank. The evidence is also very conclusive that Mr. Fred C. Lee made the deposits, and took the certificates of the bank for the amounts, and on the dates stated,—all such certificates being issued by Mr. Shaw, the teller; and Mr. Shaw testifies that these certificates represented moneys actually deposited on the above dates. This is also testified to by Mr. Fred C. Lee, and is supported in part by the testimony of a former book-keeper, who at one time changed the form of the book-keeping in the bank. It is also shown that Fred C. Lee, for several years, kept a separate general account at the bank, and at times had quite large sums of money placed to his credit.

There is not much dispute in the case about these matters, as above stated; and, if the testimony and claims of the parties ended here, no one could question the *bona fides* of Addie B. Lee's purchase. The complainants,

however, contend that the dealings between Fred C. Lee and the firm of Lee & Brown for many years prior to this purchase show that these certificates held by Fred C. Lee, and assigned to his wife, had been fully paid, and that at one time Fred C. Lee had overdrawn his general account some $1,900, which should reduce the amount of such certificates. It would profit no one to set out at large the whole claim made by complainants, and the various transactions between Fred C. Lee and the firm of Lee & Brown, by which complainants claim to have shown payment of these certificates. It is sufficient to say that we have carefully read the whole record and claim made by counsel in his brief, and have had the benefit of the oral argument of the learned counsel, and we are not satisfied that his claim is sustained,—that these certificates have been paid to an amount beyond what the court below found.

It appeared on the hearing below that Addie B. Lee took the deed by way of security, with the right of Amasa F. Lee to repay the money, and have the land reconveyed to him. In view of this fact, the court below found the amount of the lien to which Addie B. Lee was entitled, and gave it priority over other claims, and, we think, very correctly.

The decree must be affirmed, with costs.

The other Justices concurred.